## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                          **Case No. 24-10044-01-JWB**

**LORI A. DAVIS,**

        **Defendant.**

### PRETRIAL AND CRIMINAL CASE MANAGEMENT ORDER

**Section 1:  Purpose.**

This Pretrial and Criminal Case Management Order summarizes the parties' disclosure and discovery obligations. This Order applies to the charge(s) now on file and to any superseding charge(s) filed in this case. It also puts the case on track to be tried within the deadlines imposed by the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161 et seq., and this Court's implementation of that statute through D. Kan. Rule CR 50.1.

The Court and the parties acknowledge that complete, early, and orderly discovery facilitates the fair and efficient resolution of cases. A principal purpose of this Order is to reduce or eliminate the inefficient filing of boilerplate discovery motions and motions for extension of time. The Court, by this Order and the parties' good faith allegiance to its directives, endeavors to reach a just determination in this case, avoid unnecessary motion practice, secure administrative fairness, and eliminate unnecessary expense and delay.

Accordingly, the parties must communicate with each other regarding scheduling and discovery to fulfill the Court's Order. The Court strongly encourages the parties to exchange information promptly and at times sooner than those specified. Moreover, the parties are encouraged to provide more comprehensive discovery than required by the letter of this Order, by rule, or by statute, and in a manner that promotes efficiency and accessibility. *See* Fed. R. Crim. P. 2.

**Section 2:  Timing.**

The original arraignment date governs the times specified in this Order. The times will *not* be automatically modified, suspended, extended, or restarted by the filing of additional or superseding charges. *See* D. Kan. Rule CR 50.1. Counsel must promptly notify the Court if they contend the filing of additional or superseding charges requires the time limits to be modified.

A Status Conference before the presiding U.S. District Judge, John W. Broomes, will be held on **JULY 1, 2024, at 9:00 a.m.**, in Room 232 of the U.S. Courthouse in Wichita, Kansas.   The defendant will not be present for the Status Conference.  A Jury Trial will be held on **JULY 15, 2024, at 9:00 a.m.** in Courtroom 238 of the U.S. Courthouse in Wichita, Kansas.  Motions pursuant to Rule 12(b)(3) shall be filed no later than **JUNE 14, 2024**.

**Section 3:  Meet and Confer.**

The Court expects that the government will, in good faith, provide all reasonably available discovery in accordance with the deadlines established in this order and discuss with the defense any anticipated rolling discovery. Likewise, the defense will discuss

anticipated reciprocal discovery. The Court strongly encourages the parties to commence discovery and to promptly meet and confer to allow an informed and informative discussion about the scope and timing of discovery and related issues.

The parties must thoroughly discuss the following matters early in the case, as then known to the parties, and so as to provide a complete and accurate report to the Court at the Status Conference:

1.   The status of discovery production and a firm but realistic schedule for any rolling discovery;

2.   The discovery media and format[1] and any issues related to the production of electronically stored information (ESI);[2]

3.   The parties' prospective witnesses;[3]

4.   Whether the government intends to invoke the Jencks Act under 18 U.S.C. § 3500, in part or in whole, and if so, when it will agree to produce witness statements, as set forth in Fed. R. Crim. P. 26.2;

5.   In cases in which the government is not invoking the Jencks Act provisions, statements of prospective government witnesses and memoranda of interviews of prospective government witnesses, and when such information will be disclosed so long as this information is not protected pursuant to Fed.R.Crim.Proc. 16(a)(2); whether there is a need for the statements or memoranda to be redacted; and, if so, when the unredacted information will be provided. If the parties are unable to reach an agreement regarding

---

[1] The defense may opt to receive hard copies of discovery if available and if it can be disseminated sooner than discovery in electronic format.

[2] See "Recommendations for ESI Discovery Production in Federal Criminal Cases," published by the Department of Justice and the Administrative Office of the U.S. Courts Joint Working Group on Electronic Technology in the Criminal Justice System (JETWG) (February 2012).

[3] This includes government cooperating witnesses, as confirmed by the government at that time. If disclosure of witness-locating information poses a security concern, the government may alternatively make the witness available for defense interview, with the witness's consent.

redaction, the Court must be notified at the Status Conference. The Court may require the government to show why, specific to the case or the witness, temporary redaction is necessary and appropriate.

6.      Whether the defense intends to opt out of any discovery receipt that would trigger reciprocal discovery obligations under Fed. R. Crim. P. 16(b) and Section 10, below.

7.      Whether any discovery should be subject to a protective order;

8.      Any discovery dissemination limitations;

9.      Information required by *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

10.     Evidence under Fed. R. Evid. 404(b), regardless of whether the government intends to offer it at trial;

11.     Reciprocal discovery, as required by Fed. R. Crim. P. 16(b)(1), and notice of defenses as more fully described in Section 10, below; and

12.     Whether the case should be designated as complex under the Speedy Trial Act.

**Section 4:  Status Conference.**

At the Status Conference, the parties must advise the Court whether evidentiary hearings on any motions are anticipated and how long the trial is expected to last. The Court expects the parties will be prepared to report on the matters listed in Section 3, above, and offer a firm but realistic schedule for any remaining discovery to be completed.

The government should give notice if it intends to invoke the Jencks Act, 18 U.S.C. § 3500.  The defense must give notice if it intends to opt out of receiving any discovery that would trigger reciprocal discovery obligations under Fed. R. Crim. P. 16(b).

Any unresolved discovery or scheduling matters must be presented to the Court at the Status Conference, along with the reasons the parties could not agree despite good faith

allegiance to the directives of this Order and despite their having met and conferred. The Court may rule upon the unresolved matters at the Status Conference, or may direct the parties to further confer or to file written motions for the Court's consideration. In cases in which the government is not invoking the Jencks Act, if the parties are unable to reach an agreement about redaction of witness statements of prospective government witnesses or memoranda of interviews of prospective government witnesses, the Court will grant a related motion only upon a specific showing that temporary redaction is necessary and appropriate in this case and for that witness.

**Section 5:  Automatic Discovery and Notice Obligations.**

A specific request by either party is *not* necessary to trigger the obligations set forth in this Order or any discovery-related rule or statute. In general, the parties must immediately comply with:

1.   All notice provisions of the Federal Rules of Criminal Procedure;[4]

2.   *Brady* and *Giglio*, and their progeny; and

3.   If the government has given notice it intends to invoke the Jencks Act, it must produce witness statements according to 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.

A party may *not* assert the absence of a specific request as a reason for its failure to comply with this Order or any applicable rule or statute. Pursuant to Rule 6 of the Federal

---

[4] Fed. R. Crim. P. 12 (government notice of intent to use evidence defendant may seek to suppress); Fed. R. Crim. P. 12.1 (notice of alibi defense); Fed. R. Crim. P. 12.2 (notice of insanity defense); Fed. R. Crim. P. 12.3 (notice of public authority defense)**;** Fed. R. Crim. P. 16 (parties' disclosures and discovery); and Fed. R. Crim. P. 26.2 (production of witness statements).

Rules of Criminal Procedure, the government is authorized to release grand jury material to the defense as part of the government's discovery production.

**Section 6:  Government's Discovery Obligations.**

This Order requires the government to provide discovery, commencing on or before the date of arraignment, and to timely complete discovery, as more fully outlined below, so the parties are equipped to engage in intelligent and informed plea negotiations early in this case. Discovery is tied to the date of arraignment, *not* the trial setting, given most cases are disposed of by plea, and given a defendant's decision to plead guilty is a critical decision that must be made voluntarily and with knowledge, information, and understanding about the factual and evidentiary basis for the charges at issue, as well as the exculpatory and inculpatory evidence about the defendant's conduct.

Without limiting the foregoing general directives, pursuant to Fed. R. Crim. P. 16(a) and other statutes, laws, and rules, *unless* the defense has opted out of any discovery receipt that would trigger reciprocal discovery obligations under Fed. R. Crim. P. 16(b), the government must provide discovery by copying for the defense and/or permitting the defense to inspect and copy or photograph all discovery, including:

1.  Any relevant written or recorded statements made by the defendant, including grand jury testimony, in the government's possession, custody, or control, the existence of which is known or by the exercise of due diligence may become known to the government;

2.  The substance of any relevant oral statement made by the defendant, and that portion of any written record containing the substance of any relevant oral statement made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent;

3.    A copy of the defendant's prior criminal record, if any, in the government's possession, custody, or control, the existence of which is known or by the exercise of due diligence may become known to the prosecutor;

4.    Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, in the government's possession, custody, or control and that are material to the preparation of a defense or are intended for use by the government as evidence in its case-in-chief at trial, or were obtained from or belong to the  defendant;

5.    Any results or reports of physical or mental examinations, or scientific tests or experiments, or copies thereof in the government's possession, custody, or control, the existence of which is known or by the exercise of due diligence may become known to the government, and that are material to the presentation of a defense or are intended for use by the government as evidence in its case-in-chief at trial;

6.    Except in cases in which the government has invoked the Jencks Act provisions, as allowed above, all statements or memoranda of proffers by a government witness, including the name of the witness, and either information to locate the witness or an offer to arrange access for the defendant to interview the witness if the witness consents to such interview. Any proffer statements by a government witness must be produced in unredacted form, unless the parties agree or the Court orders otherwise;

7.    The government must provide the defendant a written summary of testimony the government intends to use under Fed. R. Evid. 702, 703, or 705 during its case-in-chief.  As required by Fed. R. Crim. P. 16(a)(1)(G), this summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. If the defendant requests such expert discovery and the government complies, or if the defendant has given notice under Fed. R. Crim. P. 12.2(b) of an intent to present expert testimony of the defendant's mental condition, then the defendant must provide the government reciprocal expert discovery. *See* Fed. R. Crim. P. 16(b)(1)(C);

8.    Pursuant to *Brady* and its progeny, all evidence in the government's possession, custody, or control that would tend to exculpate the defendant, that is, evidence favorable to a defense or dispositive motion, or would serve to mitigate any punishment that which may be imposed in this case;

9.    Pursuant to *Giglio* and its progeny, all evidence in the government's possession, custody, or control that would constitute impeachment of government witnesses. *Giglio* evidence includes, but is not limited to, the following:

a.   Any evidence tending to show threats, promises, payments, or inducements made by the government or any of its agents that would bear upon the credibility of any government witness;

b.   Any statement of any government witness that is inconsistent with a statement by the witness that led to the indictment in this case;

c.   Any statement of any government witness that the attorney for the government knows or reasonably believes will be inconsistent with the witness's testimony at trial;

d.   Any prior conviction of any government witness that involved dishonesty or false statement or for which the penalty was death or imprisonment in excess of one year under the law under which he or she was convicted;

e.   Any pending felony charges against any government witness; and

f.   Any specific instances of the conduct of any government witness that would tend to show character for untruthfulness; and

10.   Evidence under Fed. R. Evid. 404(b), including evidence of other crimes, wrongs, or acts of the defendant, regardless of whether the Government introduces the evidence at trial.  While the notice of Rule 404(b) use is not due until 21 days before trial (*see* Section 9, below), any evidence properly characterized as Rule 404(b) evidence must be disclosed subject to the general discovery deadlines set forth below, and subject to the continuing duty to disclose discovery during the life of the case. Because Rule 404(b) evidence may be critical to plea negotiations, early discovery of such evidence is warranted.

**Section 7:  Protection of Discovery Material.**

Although the exchange of discovery is critical to the efficient and just resolution of a matter, the production of information may present inherent risks to the privacy and safety interests of the parties and non-parties, such as witnesses, victims, and cooperating individuals. The parties may enter into a written agreement regarding the dissemination of witness statements. Otherwise, pursuant to Fed. R. Crim. P. 16(d)(1), the following protective conditions apply to witness statements, as defined by 18 U.S.C. § 3500.

1.     Witness statements must be maintained in a safe and secure manner by defense counsel.

2.     Witness statements may not be disseminated to the defendant personally, except as by court order or written agreement between the parties.

3.     Witness statements and other protected material may be disclosed by defense counsel *only* to the following designated persons:

    a.     investigative, secretarial, clerical, and paralegal personnel;

    b.     independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action;

    c.     other witnesses testifying to the contents of the document/material; and

    d.     other persons authorized by the Court upon motion of either party.

Counsel must provide a copy of this Order to any designated person to whom discovery material is disclosed, and they must agree to be subject to the terms of this Order.

These statements may not be redacted except as ordered by the Court. The foregoing provisions do not prevent disclosure of discovery material in support of any motion, or at a hearing, trial, or sentencing proceeding held in connection with this case, or to any District Judge or Magistrate Judge of this Court for purposes of this case.

**Section 8:  Jencks Act Material.**

As earlier indicated, if the government chooses to invoke the provisions of the Jencks Act, 18 U.S.C. § 3500, it should give notice to the Court at the Status Conference. The Court acknowledges the statutory authority of the government to withhold witness statements until the witness has testified.  But the Court encourages early and complete production in the interest of fairness and the efficient and expeditious resolution of cases, consistent with the other cooperative and collaborative provisions of this Order. The Court

expects the invocation of the Jencks Act will be rare.  At the very least, in the interests of a timely and orderly trial, the government is encouraged to provide Jencks Act material three days before trial.

In the production of discovery, *Brady* and *Giglio* trump *Jencks*. That is, if material qualifies as either *Brady* or *Giglio*, then it must be provided as directed by Section 6, above, even if it otherwise qualifies as Jencks Act material.

**Section 9:  Government's Discovery Deadlines.**

Discovery must commence on or before the date of arraignment of the defendant(s). Discovery must be completed within 30 days after arraignment, to the extent possible. Any such discovery not provided by 30 days after arraignment must be promptly provided upon availability.  This 30-day deadline does not apply to discovery that is:

1.      not yet available;

2.      not yet memorialized in writing;

3.      ESI that is not yet processed and formatted for delivery and access; or

4.       Jencks Act materials.

Except in cases in which the government has invoked the Jencks Act, if any government or defense witness provides a statement within 30 days of trial, that is different in any respect from prior statements provided by the same witness, the parties are required to advise the opposing party about the change, modification or expansion of testimony. This duty, to advise the other party, does not require the creation of a report or document, or negate the government's privileges as noted in Fed.R.Crim.Proc. 16(a)(2).  Instead, this duty reflects the Court's continuing encouragement that the parties engage in ongoing

discussions about the evidence in this case in order to resolve it more efficiently and effectively for each party.

The government must file its notice of Fed. R. Evid. 404(b) evidence it intends to use at trial, on or before 21 days before trial.

**Section 10:  Reciprocal Discovery.**

The government is granted reciprocal discovery *unless* the defense has given notice that it intends to opt out of receiving discovery that would trigger reciprocal discovery obligations. Specifically, as required by Fed. R. Crim. P. 16(b)(1)(A), (B), and (C), the defense must provide the government with:

1.  the opportunity to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:

    a.  the item is within the defendant' possession, custody, or control; and

    b.  the defendant intends to use the item in the defendant's case-in-chief at trial.

2.  the opportunity to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

    a.  the item is within the defendant's possession, custody, or control; and

    b.  the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

3.  a written summary of any testimony the defense intends to use under Fed. R. Evid. 702, 703, or 705 as evidence at trial, if:

    a.  the defendant requests disclosure under Fed. R. Crim. P. 16(a)(1)(G) and the government complies, or

       b.     the defendant has given notice under Fed. R. Crim. P. 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

Summaries of expert testimony must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Should the government or the defendant plan to introduce expert testimony at trial, the sponsoring party should file a designation of expert and a summary of anticipated expert testimony no later than 45 days prior to trial.

The defense must provide reciprocal discovery within 14 days after the government makes its initial disclosures as required in Section 6, above. Within that same 14-day period, the defense must provide the government disclosure of information called for by Fed. R. Crim. P. 12.1, 12.2, and 12.3.

If the defendant timely discloses an alibi defense under Rule 12.1, then within 14 days after the defendant's disclosure, the government must serve upon the defendant a written notice stating the names and locating information (or ability to access for interview) the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

**Section 11:  Electronically Stored Information (ESI).**

All discovery in electronic media must be accessible, searchable, and organized. The parties agree to provide discovery in PDF, TIFF, or native/near-native file formats. Any information needed to access the material must be provided contemporaneously. If particular discovery warrants different media or format, or the proprietary nature of the

format makes the discovery generally unreadable, the parties must work together to ensure timely access to the material. The disclosing party must not degrade the searchability of documents or eliminate metadata associated with files as part of the document-production process. Imaged files must be searchable unless the receiving party agrees to accept the discovery in a non-searchable format. The Court will employ as a guide, and the parties are strongly encouraged to follow, the "Recommendations for ESI Discovery Production in Federal Criminal Cases." *See* footnote 2 in Section 3, above.

**Section 12:  Continuing Duty to Disclose Discovery.**

All parties have a continuing duty to promptly provide any newly discovered or acquired information within the scope of this Order. Failure to abide by these obligations could result in the imposition of sanctions or the following remedies as set out in Fed. R. Crim. P. 16(d)(2).  The Court may:

1.  order the party to permit the discovery or inspection, specify its time, place, and manner, and/or prescribe other just terms and conditions;

2.  grant a continuance;

3.  prohibit that party from introducing the undisclosed evidence; or

4.  enter any other order that is just under the circumstances.

**Section 13:  Speedy Trial Act.**

Any motion seeking to extend the 70-day Speedy Trial Act trial deadline and to designate excludable time under the ends-of-justice provision in 18 U.S.C. 3161(h)(7) should be filed by the defense and should indicate whether or not the government objects. If the government objects to an extension, it should promptly file a response concisely setting forth the reasons for the competing positions and supporting rationale.

Motions to extend the Speedy Trial Act's deadlines that are supported only by conclusory or boilerplate statements tracking the language found in 18 U.S.C. 3161(h)(7)(B)(i)-(iv), even if stipulated by the parties, have been held by the Tenth Circuit to be insufficient as a matter of law.[5]  For example, it is not enough merely to state that counsel is new and needs more time to adequately prepare for trial, or that counsel or witnesses will be out of town in the weeks preceding trial. The Court must be in a position to make adequate factual findings that the ends of justice served by granting any requested extension actually do outweigh the best interests of the defendant, *and the public*, in a speedy trial. In addition, counsel must email to the chambers of the judge who will preside at the conference a proposed order that includes detailed findings under 18 U.S.C. 3161(h)(7).  Factors important to this Court include *why* the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time and, in turn, *how* failure to grant the continuance would prejudice that party's position at trial, would be likely to make a continuation of such proceeding impossible, or otherwise result in a miscarriage of justice. For example, what's the procedural stage of the case? Does the case have a complicated history? If there's recently disclosed discovery, how much discovery was produced previously, what's the nature, relevance, or importance of the new discovery, and what further investigation is needed as a result of the new

---

[5] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009); *see also Zedner v. United States*, 547 U.S. 489, 498 (2006).

discovery? And why is the length of the requested continuance (e.g., one month vs. two months) appropriate?

If either party moves to designate the case as complex, the reasons should be explained in reasonable detail.  In cases that don't qualify as unusual or complex, the motion should address whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the government continuity of counsel, or would deny the defense counsel or the prosecutor the reasonable time necessary for effective preparation, taking into account and demonstrating (not just stating) that counsel has exercised due diligence. If a witness is unavailable, the motion should explain the significance of the witness, why the witness is unavailable, and when the witness will be available.

In multi-defendant cases, the motion must list, as to each defendant, the date on which the indictment or information was filed, the date of the defendant's initial appearance, whether the defendant is in custody and, if so, the date on which the defendant went into custody.

**Section 14:  Flexibility.**

As indicated in Section 1, above, the basic purposes of this Order are to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.  See Fed. R. Crim. P. 2.  Accordingly, at any time, for good cause shown, the Court may deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  See Fed. R. Crim. P. 16(d)(1).

**IT IS SO ORDERED.**

Dated May 21, 2024, at Wichita, Kansas.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE